**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEBORAH PHILLIS,  Plaintiff,  v.  HARRISBURG SCHOOL DISTRICT, et al.,  Defendants. | CIVIL ACTION NO. 1:07-CV-1728  (JUDGE CAPUTO) |

## **MEMORANDUM**

Plaintiff Deborah Phillis seeks to have her case re-opened under Federal Rules of Civil Procedure Rule 60(b)(6). (Doc. 67). Phillis argues that Chief Judge Kane, who previously presided over this matter, should have recused herself due to her bias against Plaintiff's attorney, Don Bailey. Defendants argue that Phillis has failed to show the necessary elements for relief from a judgement or order pursuant to Rule 60. The Court finds no extraordinary circumstances warranting Relief from a Judgment, and will deny Phillis's Motion.

## **BACKGROUND**

Deborah Phillis worked as a teacher within the Harrisburg School District. Following an unsatisfactory performance rating, Phillis ultimately filed three grievances against her employer through her union, the Harrisburg Education Association. She also filed multiple complaints with the Pennsylvania Human Relations Commission and Equal Employment Opportunity Commission, alleging age discrimination and illegal retaliation. On September 21, 2007, Phillis brought an action against the Harrisburg School District, Head Principal Kimber, and Principal Bankus, claiming age discrimination in violation of the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and retaliation for redress of such grievances in violation of the First Amendment's Petition Clause.  She also alleged a violation of equal protection under the Fourteenth Amendment as well as under Title VII, 42 U.S.C. § 2000e *et seq*.

On March 31, 2010, Judge Kane granted the Defendants' Motion for Summary Judgement as to all claims.  Phillis appealed the case to the United States Court of Appeals for the Third Circuit on April 14, 2010, which issued an Order on March 8, 2011 affirming Chief Judge Kane's Judgment.  The Court of Appeals denied Phillis's Petition for Rehearing *en banc*, and issued its Mandate on July 15, 2011.  Phillis filed a Writ of Certiorari to the United States Supreme Court on October 5, 2011, which remains pending.[1]

Currently before the Court is Phillis's Motion to Open Judgment pursuant to Federal Rule of Civil Procedure Rule 60(b)(6).  Plaintiff believes that Judge Kane's recent recusal from reviewing cases brought by Attorney Don Bailey is evidence that Plaintiff's action was treated "differently and prejudicially," (Mot. at ¶ 2, Doc. 67), and that Judge Kane's "long-term bias and prejudice against Mr. Bailey" justifies the reopening of Plaintiff's case, (*Id.* at ¶¶ 3-4).  The Motion has now been fully briefed and is ripe for review.

---

[1] A petition for writ of certiorari does not necessarily divest the Court of jurisdiction. Following the mandate of a court of appeals, jurisdiction returns to the district court.  *See United States v. Rivera*, 844 F.2d 916, 921 (2d Cir. 1988) ("Simply put, jurisdiction follows the mandate."); *see also* 2A Fed. Proc., L.Ed. § 3:1013.  While Federal Rules of Appellate Procedure Rule 41(d)(2) allows a party to move to "stay a mandate pending the filing of a petition for a writ of certiorari in the Supreme Court," this stay is not automatic.  "Therefore, the mere filing of a petition for certiorari with the Supreme Court neither stops the mandate from issuing nor stops the case from proceeding in the district court. A litigant desiring such cessation must seek and obtain a stay." *United States v. Sears*, 411 F.3d 1240, 1242 (11th Cir. 2005).

**DISCUSSION**

The Motion to Open Judgment will be denied because the Court finds no exceptional circumstances requiring such relief under Rule 60(b)(6).

Under 28 U.S.C. § 455(a): "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally under § 455(b)(1), a judge must abstain where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." However, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias as they are "within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.*

The general purpose of relief under Fed. R. Civ. P. 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir.1978). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'" *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir.1981). Such a motion "may not be used as a substitute for appeal, and ... legal error, without more, cannot

justify granting a Rule 60(b) motion." *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.1988).

Rule 60(b)(6) is a catchall provision which allows a court to relieve a party from the effects of an order for "any other reason justifying relief ." Fed. R. Civ. P. 60(b)(6). The United States Supreme Court has held that this section "does not particularize the factors that justify relief, but . . . provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary circumstances.'" *Liljeberg v. Healthcare Serv. Acquisition Group*, 486 U.S. 847, 863 (1988) (internal citations omitted). The Third Circuit has opined that these circumstances must be "even more 'extraordinary'" when a court is considering vacating the judgement of another court "because of the additional interest in comity among the federal district courts." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251-52 (3d Cir. 2008).

In *Liljeberg*, the plaintiff–a Health Services Acquisition Corporation–brought declaratory judgment against defendant John Liljeberg seeking declaration of ownership of a corporation known as St. Jude Hospital. *Liljeberg*, 486 U.S. at 848. The case was tried before Judge Robert Collins, sitting without a jury. The judge found for defendant Liljeberg and the appellate court affirmed. Almost a year later, Health Services discovered the judge had been a member of the Board of Trustees of Loyola University while Liljeberg was negotiating with it to purchase a parcel of land on which to build the hospital. The benefit to Loyola from the deal turned largely on Liljeberg prevailing in the declaratory judgment proceeding. *Id.* at 848-49. In light of this, the Supreme Court affirmed the appellate court's ruling vacating the judgment for the judge's failure to recuse himself under § 455. In doing

so, the Court considered: (1) risk of injustice to parties in particular case, (2) risk that denial of relief will produce injustice in other cases, and (3) risk of undermining public's confidence in judicial process. *Id.* at 864.

Here, the Court will deny the motion because the magnitude of extraordinary circumstances found in *Liljeberg* is not present, and as such, the Court sees little risk of injustice.[2] In *Liljeberg*, the trial judge failed to recuse himself from a case in the outcome of which he had a clear, material interest. Here, Phillis presents no facts to illustrate the existence of a comparable bias in the handling of her case. Phillis merely avers that Judge Kane recused herself from Mr. Bailey's cases on January 3, 2011–over nine months after ruling against Phillis in summary judgment.

Phillis, however, views Chief Judge Kane's recusal as evidence of her "long-term bias and prejudice against Mr. Bailey which clearly overlapped with the handling of [Plaintiff's] case" and that her case was "improperly dismissed as part of a pattern of conduct to hurt and harm Mr. Baily." (Mot. at ¶ 3, Doc. 67).[3] As evidence in support of this position, Plaintiff cites a Report and Recommendation by Magistrate Judge Carlson imposing sanctions against Mr. Bailey, filed in a matter pending before Judge Kane on the very same day Judge Kane ruled in Phillis's case. Phillis also alludes to "evidence in the

---

[2]The Defendants also argue that Plaintiff's Motion has not been brought within a "reasonable time" as it was filed more than nineteen (19) months after final judgment. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988); Fed. R. Civ. P. 60(b). The Court declines to address this argument but notes that, from the facts presented, it is difficult to opine exactly when such a motion would have been timely under the present circumstances.

[3]Phillis appears to make a similar allegation against the participation of Judge Scirica in the Third Circuit decisions affirming Judge Kane and denying Phillis's petition for rehearing *en banc*. For the same reasons as above, the Court does not agree.

5

public record that Mr. Bailey has been targeted and treated differently, and prejudicially," (Mot. at ¶ 2, Doc. 67), including a reference to negative testimony at Mr. Bailey's disciplinary hearings.

The Court does not find the extraordinary circumstances necessary to vacate the judgment of another court. Even assuming *arguendo* that disparaging comments were made, such negative expressions are alone not sufficient to establish bias. *Liteky*, 510 U.S. at 555. Moreover, Plaintiff's motion does not contain or make reference to any facts that would suggest that any animus existed in the disposition of her specific case, and the Court cannot find any "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Instead, Plaintiff's Motion is founded exclusively on a belief fostered by the recent judicial recusals pertaining to Mr. Bailey, and offers no specific facts that would raise her suggestion of impartiality above the speculative level in her case. Therefore, the Court will hold that Phillis has not demonstrated an 'extraordinary circumstance' sufficient for relief from a judgement or order, and will deny her Rule 60(b) Motion.[4]

---

[4] Defendants also argue that the Court is "is without jurisdiction to alter the mandate of this court on the basis of matters included or includable in defendants' prior appeal." *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982). In finding that the Motion fails to meet the standards of Rule 60(b), the Court need not address whether claims of judicial bias should have been raised during Phillis's appeal to the Third Circuit.

## CONCLUSION

As Plaintiff has not demonstrated any extraordinary circumstances pertaining to her case that would justify relief under Fed. R. Civ. P. 60(b)(6), the Court will deny plaintiff's Motion to Open Judgment. An appropriate order follows.


 December 15, 2011                                                       /s/ A. Richard Caputo
Date                                                                              A. Richard Caputo
                                                                                     United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEBORAH PHILLIS,

    Plaintiff,

        v.

HARRISBURG SCHOOL DISTRICT, et al.,

    Defendants.

CIVIL ACTION NO. 1:07-CV-1728

(JUDGE CAPUTO)

## ORDER

**NOW**, this 15th day of December, 2011, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment (Doc. 67) is **DENIED**.

                          /s/ A. Richard Caputo
                          A. Richard Caputo
                          United States District Judge